IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | NO. 9:08-CR-42 |
| | § | |
| CAROL RAMSEY | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed August 22, 2013, alleging that the Defendant, Carol Ramsey, violated her conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on August 28, 2009, before the Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of mail fraud, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 9 and a criminal history category of VI, was 27 to 33 months. The Defendant was sentenced to 27 months' imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include: financial disclosure, credit restrictions, gambling restrictions, $26,000 in restitution, and a $100 special assessment.

## II. The Period of Supervision

On September 26, 2011, the Defendant completed her term of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision on August 22, 2013 alleging two violations: 1) the Defendant pled guilty to the offense of theft of property in Angelina County in violation of her mandatory condition that she not commit another federal, state, or local crime; and 2) the Defendant failed to submit restitution payments for six months in violation of her special condition that she submit such payments at a rate of at least 10% of her gross income. This case was reassigned to the Honorable Ron Clark, United States District Judge for the Eastern District of Texas, on August 22, 2013.

## IV. Proceedings

On November 25, 2013, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the allegation which asserted that she violated a special condition of supervised release, to wit: the Defendant shall submit monthly restitution payments at a rate of at least 10% of her gross income.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a "split sentence" of eight months: four months' imprisonment followed by two years of

supervised release upon release from imprisonment, which includes four months of home confinement as a condition.

### V. Principles of Analysis

If the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to make restitution payments, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home

detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G. § 7B1.3(d), any restitution previously imposed in connection with a sentence for which revocation is ordered that remains unpaid at the time of revocation shall be ordered to be paid in addition to the sanction determined under U.S.S.G. § 7B1.4.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than three years. The undersigned recommends that the Defendant serve a term of two years of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that she violated her conditions of supervised release by failing to make restitution payments. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and her criminal history category is VI. Policy guidelines suggest 8 to 14 months' imprisonment. The Defendant did not comply with the conditions of her supervision, and she has demonstrated an unwillingness to adhere to conditions of supervision by failing to make restitution payments for six months. As such, incarceration and home confinement appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a "split sentence" of eight months: four months' imprisonment followed by two years of supervised release upon release from imprisonment, which includes four months of home confinement as a condition.

## VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by failing to make restitution payments.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should receive a "split sentence" of eight months: four months' imprisonment followed by two years of supervised release upon release from imprisonment, which includes four months of home confinement as a condition.

4. The Defendant requested to serve her term of imprisonment at the Federal Correctional Complex (FCC) in Bryan, Texas to facilitate family visitation. The court should recommend one of these facilities if deemed appropriate by the Bureau of Prisons.

5. The Defendant requested to self-surrender after she completes medical treatment. The court should order the Defendant to self-surrender by December 30, 2013 at 2:00 p.m. at the United States Marshal's Office in Beaumont, Texas or other location as instructed by the United States Marshal.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived her right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 2nd day of December, 2013.

_____
Zack Hawthorn
United States Magistrate Judge